THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENT, v. J. RUFUS BESSON, RECEIVER OF THOMAS HARRINGTON'S SONS COMPANY, AND NATIONAL SURETY COMPANY, A CORPORATION, APPELLANTS.

Submitted May 27, 1927—Decided October 17, 1927.

134

For the appellants, *Marshall Van Winkle* and *Fisk & Fisk*.

For the respondent, *Thomas J. Brogan*.

The opinion of the court was delivered by

LLOYD, J. This action was brought by the mayor and aldermen of Jersey City to recover from the receiver of the Thomas Harrington & Sons Company and the National Surety Company the amount of a bond given by the Harrington Company as principal and the National Surety Company as surety for the carrying out of a contract between the city and the Harrington Company for the collection by the latter of garbage, ashes, &c., in Jersey City from January 15th, 1917, to November 30th, 1921.

The contract was abandoned by the Harrington Company on January 29th, 1920. The city then proceeded to make the collection itself until March 10th, 1920, when a new contract was made with one Scatuorchio for the completion of the defaulted work of the Harrington contract. When this new contract expired the present action was brought to recover for the amount expended directly by the city, and for the excess paid the new contractor, not exceeding the amount of the bond. The trial of the case resulted in a verdict and judgment for the city against both defendants, and from the judgment the present appeal is taken.

The obligation of the appellants was on default of the Harrington Company to pay "such amount of money as it [the city] may necessarily expend in doing the work and furnishing the materials necessary therefor" specified in the contract.

No question was raised as to the amount due based on the Scatuorchio contract, but it is claimed that incompetent evi-

dence was admitted concerning the work performed directly by the city.

The grounds of appeal are:

1. That the court erred in admitting in evidence *"Exhibit P-13,* being the record of the amount of wagons, teams, men, lifters and foremen alleged to have been employed by the plaintiff for the removal of ashes and garbage from January 30th, 1920, to March 10th, 1920."

2. That the court erred in permitting a witness, Richard Furey, to answer the following question: *"Q.* This work done and the payments made as shown on *Exhibit P-13,* by the city between January 30th, 1920, and March 10th, 1920, can you tell us whether or not those payments were made by the city with reference to the removal of ashes and garbage in Jersey City?"

3. That the court erred in admitting in evidence *Exhibit P-23,* being warrants showing payments from January 29th, 1920, to March 10th, 1920.

Taking up the last ground first we think the warrants were properly admitted. They were received subject to being "tied up by additional proof." This proof was forthcoming from a witness (Johnson) who testified that the warrants were for the removal of ashes and garbage from January 29th, 1920, to March 10th, 1920, and from a witness (Furey) who testified to the same effect, and that he had actually paid for and checked up on the work.

The plaintiff's *Exhibit P-13* was a tabulation of the work done, of the times when done and the means of performance. Its correctness was testified to by the witness Furey. It also appears from the testimony that the warrants already referred to showed that they were for the removal of ashes and garbage between the dates named. These warrants are not printed in the record, and their full scope cannot be determined. For all that appears they may have contained all the data exhibited in *P-13,* in which event the latter exhibit would be little more than a tabulation of their contents. When in addition to this, it appears that the defendants offered no contradictory proofs to rebut the testimony of Furey as to the correctness of *P-13,* or the *prima facie* case made by the

city, we think it quite apparent that the admission by the court of the exhibit was not harmful to the appellants and does not justify reversal.

The second ground is not available to the appellants, inasmuch as no objection was made to the question propounded to the witness, but simply an objection to the *Exhibit P-13*, which was not then being offered.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.